**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| PATRICIA B. BURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:08-CV-861-TFM** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title XVI of the Social Security Act ("the Act"). 42 U.S.C. §§ 1381 *et seq.*, Patricia B. Burt ("Burt") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999),

citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Burt, age 52 at the time of the hearing, completed twelfth grade.[1]  Burt worked as a motel housekeeper in a prison work release program from December 1999 to January 2002,

---

[1] R. at 56.

and stopped working when her sentence was completed.[2] She has not engaged in substantial gainful work activity since the alleged onset date of December 29, 2004. Burt claims she is unable to work because of depression, bipolar disorder, and panic attacks.[3] The ALJ found Burt is severely impaired by hypertension, depression, and obstructive airway disease, but that she does not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4]

Burt stated on her Daily Activities Questionnaire that she washes, dishes, vacuums, and sometimes irons. She reported that she listens to the radio and cares for her grandchild.[5] Burt's questionnaire states depression, leg/back pain, and panic attacks prevent her from working.[6] During the administrative hearing, Burt waived her right to representation.[7] Burt acknowledged working as a hotel maid as part of a prison work release program, but attributed her inability to work thereafter to pain in her knees.[8] Burt testified she does not like to be around a lot of people because of bad nerves, and equivocated on whether she

---

[2] R. at 53.

[3] R. at 52.

[4] R. at 19.

[5] R. at 71-72.

[6] R. at 73, 75, 79.

[7] R. at 302-04.

[8] R. at 308-10.

provides care for her two grandchildren.[9] She said she cannot receive care for her medical problems because she lacks insurance, and hears people talking to her when no one is actually there.[10] Burt said she does not have any side effects from her pain medication.[11] Her current prescriptions are Percocet, Xanax, Cymbalta, and Elavil, but she cannot always afford the prescriptions.[12]

Burt has a history of hospitalization for problems related to her abuse of prescription drugs.[13] She was hospitalized for pneumonia at the time of her alleged onset date.[14] A consultative psychological exam was performed by Dr. Jerry L. Hart, Ph.D. on April 25, 2005. Dr. Hart noted Burt's physical complaints and found her to be severely depressed, perhaps due to her life situation and chronic pain.[15] His diagnostic impression was "major depressive disorder, recurrent, severe without psychotic features."[16] A state agency psychologist evaluated Burt's record and concluded she had affective and somatoform disorders which did not meet listing criteria, and thus required an assessment of her mental

---

[9] R. at 312, 313-16.

[10] R. at 319.

[11] R. at 320.

[12] R. at 321.

[13] R. at 92-102.

[14] R. at 111-118.

[15] R. at 127-30.

[16] R. at 130.

4

residual functional capacity (RFC).[17] Burt was evaluated under Listings 12.04 and 12.07, and was determined to have mild restriction of daily activities, moderate restrictions in social functioning and maintaining concentration, persistence, or pace, with no episodes of decompensation.[18]

The ALJ found Burt's testimony was not credible. This conclusion was based on the inconsistencies between her questionnaire statements and testimony about her daily activities. The ALJ also cited Burt's claim of panic attacks in her questionnaire, but failure to mention such attacks to Dr. Hart. Burt also complained of knee pain at the hearing and in her questionnaire, but found no record of treatment for this condition.[19] The ALJ noted the conclusion of the reviewing state agency psychologist which found Burt's contact with the general public should be infrequent but she could understand, remember and carry [out] very short and simple instructions.[20] The ALJ credited the reviewing opinion, finding it "presented relevant evidence to support [the] opinion."[21]

The ALJ found Burt's RFC permitted her to perform her past work as a maid. In making this finding, the ALJ noted Burt's prescribed medications for her major depressive disorder permit her to perform simple repetitive tasks. The ALJ also noted the only apparent

---

[17] R. at 206, 209, 212.

[18] R. at 216.

[19] R. at 22.

[20] R. at 22, 221.

[21] R. at 20.

5

reason Burt stopped working was that she was no longer compelled to do so for a prison program.[22] The finding regarding Burt's ability to perform past work rendered her ineligible for disability benefits under the Act.[23]

## III.  ISSUE

Burt presents a single issue for judicial review:

> Whether the ALJ fulfilled his duty to sufficiently develop the record for an unrepresented claimant.

## IV.  DISCUSSION

**<u>The ALJ sufficiently developed the record in this case</u>.**

Burt argues the ALJ did not fulfill his obligation to develop a full and fair record, and further asserts the ALJ's duty in this case was heightened because she was unrepresented during the hearing. The Commissioner responds the ALJ developed the record as required under regulations and circuit precedent, but that no special duty existed because Burt waived her right to representation.

Burt's arguments for ALJ error are, in large part, a criticism of the administrative hearing. She complains the ALJ frequently interrupted her and did not allow her to volunteer information, producing a "chilling effect" on her ability to present information relevant to her claim. Burt complains the ALJ made conclusory statements regarding her reasons for stopping work and contradicted her testimony. Burt believes these actions led the ALJ to

---

[22] R. at 22.

[23] R. at 23.

make a decision that is not supported by substantial evidence, and requires reversal.

The Commissioner sees no special duty in Burt's case, as the record reflects she voluntarily waived her right to representation. The Commissioner argues Burt has not shown how the ALJ failed to develop the record, or which available information would have completed the administrative record under review. Further, the Commissioner argues the ALJ's decision was based on substantial evidence, and the reasoned credibility finding contained in the decision.

It is clear that an ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see also* 20 C.R.F. § 416.912(d). Burt does not cite any additional medical records which the ALJ failed to review. The record shows the ALJ specifically asked Burt "are there any things that aren't in there that I need to know about?"[24] Essentially, Burt objects to the somewhat difficult interaction between the ALJ and herself, which is readily evident from the Court's review of the hearing transcript. However, the transcript shows an ALJ trying to obtain answers to the questions relevant to the administrative task at hand, and becoming somewhat frustrated in the process. Burt's responses contradicted the written record of her claim, and even the responses she had just given to the previous question. The ALJ did not err by trying to obtain answers to the question posed to Burt, who seemingly developed new grounds for disability as the hearing went on.[25]

---

[24]R. at 304.

[25]R. at 312-17.

The Court finds the ALJ's decision as to Burt's ability to return to work as a hotel maid is supported by substantial evidence. The ALJ discredited Burt's testimony based on inconsistencies between her written responses and hearing testimony, varying grounds for disability, and medical problems which were sometimes relayed during examinations and sometimes not.[26] The Court notes of its own accord that Burt's credibility is further strained because she reports voices and persons walking with her, though Dr. Hart ruled out psychosis in diagnosing her depression.[27] Burt's testimony unequivocally showed that the conclusion of her work release program was the reason she quit working in January of 2002. This is not simply the conclusion of the ALJ, but is plainly stated in Burt's disability application.[28] Thus, Burt's own statement provides further support for denying benefits in this case. *See* 42 U.S.C. § 423(d)(2)(A) (unemployment for reasons other than the presence of a disabling impairment does not constitute a proper basis for the award of disability benefits; 20 C.F. R. § 404.1566(c) (the inability to work for reasons other than a disabling impairment is not a basis for a disability claim). Therefore, these authorities and the hearing transcript provide additional support for the ALJ's decision.

Burt submits a second argument which the Court will briefly address despite her noncompliance with the *Order* instructing claimant's to clearly state each issue presented for

---

[26]R. at 22.

[27]R. at 319-20, 130.

[28]R. at 53.

review.[29] She argues the ALJ did not state the weight assigned to the opinion by Dr. Hart, a consulting psychologist. The ALJ explained his decision to credit the opinion of the reviewing state agency psychologist because it included relevant evidence.[30] The Commissioner is not bound by the findings of a physician who conducted an examination at the behest of a State agency. See *Buck v. Barnhart*, 238 F.Supp.2d 1255, 1270-71 (D. Kan. 2002).

Burt has not shown any basis for remand or reversal of her case, and the decision of the ALJ is AFFIRMED.

Done this 28th day of May, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[29]*See* Doc. 4.

[30]R. at 20.